Merrimack
No. 86-177

### NATIONAL ADVERTISING COMPANY

v.

### WALLACE E. STICKNEY, COMMISSIONER, NEW HAMPSHIRE DEPARTMENT OF TRANSPORTATION

June 5, 1987

*Hampe and McNicholas,* of Concord (*Richard A. Hampe* on the brief and orally), for the plaintiff.

*Stephen E. Merrill,* attorney general (*Peter C. Scott,* assistant attorney general, on the brief and orally), for the State.

THAYER, J. The plaintiff appeals from the Superior Court's (*Contas,* J.) denial of its petition for declaratory judgment seeking a determination that the provisions of Laws of 1979, chapter 340, as amended by Laws of 1981, chapter 158, and the provisions of Laws of 1981, 568:82, are still in full force and effect, thus preventing the department of public works and highways (now department of transportation) from removing non-conforming outdoor advertising devices. We affirm.

The plaintiff, National Advertising Company, maintains outdoor advertising devices throughout New Hampshire. In 1965, the Unit-

ed States Congress enacted the Highway Beautification Act (codified in part as 23 U.S.C. § 131 (1982)) which, *inter alia*, called upon the States to control outdoor advertising adjacent to the Interstate Highway System, or risk losing ten percent of federal highway funds normally allocated to them. In 1969, the State of New Hampshire enacted a comprehensive system of regulation of outdoor advertising. RSA 236:69–89.

In June 1979, the legislature passed Laws of 1979, 340:1. This measure established, in part, "a commission to study the economic impact of the removal of outdoor advertising devices which advertise tourist related businesses." The legislation directed the department of public works and highways not to "remove any directional or tourist oriented outdoor advertising signs or devices lawfully erected unless all other legally erected non-conforming signs have been removed." The legislature established a commission to perform the study mandated by this legislation. The commission never met, however, and no report was ever issued.

In June 1981, the legislature enacted Laws of 1981, chapter 158, which "extend[ed] the study commission for an impact survey on the removal of advertising devices and the appropriation therefor." Section 82 of Laws of 1981, chapter 568 (the 1981 Budget Act), prohibited the department of public works and highways from expending any funds "for the removal of directional or tourist oriented outdoor advertising devices until the study provided for in Laws of 1979, 340:1 has been completed and accepted." Eight individuals were appointed to the new study committee, but no meeting of that committee was ever scheduled or held, and the committee never issued any report.

Although the exact date is unclear from the record on appeal, it appears that in 1984 the New Hampshire Department of Public Works and Highways sought to remove, pursuant to RSA 236:69–89, non-conforming signs maintained by the plaintiff. The plaintiff filed a petition for declaratory judgment in order to prevent the removal. The plaintiff's arguments in support of the petition were the same as those presented here on appeal: (1) that Laws of 1979, chapter 340, as amended by Laws of 1981, chapter 158, remains in full force and effect and consequently continues to limit the authority of the department of transportation to remove tourist-oriented outdoor advertising devices until the study on the economic impact of removing such devices has been completed and accepted by the general court, and (2) that Laws of 1981, 568:82 is similarly still in full force and effect and thus prohibits the department of transportation from expending any funds for the removal of tourist-oriented outdoor advertising devices until the study on the economic impact of remov-

ing those devices has been completed and accepted by the general court.

In a decision dated April 2, 1986, the superior court rejected the above arguments. The court stated that Laws of 1979, 340:1, as amended by Laws of 1981, 158:1, required the completion of the study commission's report and the acceptance of the report by "the next general court" (*i.e.*, the 1983 legislative session). The court ruled that the legislative intent manifested by this language was that the moratorium on the removal of outdoor advertising devices would not extend beyond the 1983 legislative term.

The court also examined the language of Laws of 1979, 390:2 and Laws of 1981, 158:2, both of which appropriated funds to cover the study commission's expenses. Laws of 1979, 340:2 provided for the expiration of the initial appropriation on June 30, 1981. Laws of 1981, 158:2 extended the appropriation only through June 30, 1983. In addition, Laws of 1981, 568:82, which prohibited the department of public works and highways from spending funds to remove outdoor advertising devices pending acceptance of the economic impact report, was part of the 1981–82 biennial Budget Act. From this fact, and the fact that the legislature did not extend the moratorium, the appropriation, or the spending prohibition, the trial court concluded that the legislature intended the commission and the moratorium to expire in 1983.

We believe that the trial court's analysis and rulings were correct. Consequently, we see no reason either to embellish on that analysis or to engage in a repetitive analysis which would only reach the same conclusions.

*Affirmed.*

All concurred.